## INDUSTRIAL COMM v McWHORTER

Ohio Appeals, 2nd Dist, Franklin Co

No 2407.   Decided April 19, 1934

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. E. Bowman, Asst. Prosecuting Attorney, Columbus, for plaintiff in error.

Samuel L. Zarasky, Columbus, for defendant in error.

580

## OPINION

By BARNES, J.

Senate Bill Number 4 became a law on April 6, 1932.

Counsel for the Commission contend that relief workers are not employees, and further that Amended Senate Bill Number 4 should not be construed to change the status of claimants. According to the claim of the state, §§3476 and 3493, GC, inclusive, are controlling in defining the status of relief workers.

Sec 3493 GC, reads as follows:

"Sec 3493 GC. Performance of labor by recipient of public relief. When public relief, not in a county or city infirmary is applied for, or afforded by the infirmary officials of any county or the trustees of a township or officers of a municipal corporation, and the applicant or recipient is able to do manual labor, such officers, shall require a male applicant or recipient to perform labor to the value of the relief afforded at any time, upon any free public park, public highway, or other public property or public contract therein, under the direction of the proper authorities having charge or control thereof. If relief has been afforded and such recipient refuses to perform the labor provided, record of the fact shall be made, all relief or support thereafter refused him, and he may be proceeded against as a vagrant."

Under §2 of Amended Senate Bill Number 4 we find the following:

"In case of municipal corporations, 'poor relief' shall mean the support and the relief of the poor and for the payment of obligations incurred for the support and relief of the poor and the burial of the indigent, as provided by §§3476 to 3496 GC inclusive, and §§4093 and 4094 GC, or the proprietary provisions of the Municipal Charter; in case of any political subdivision, said terms shall include **work relief**, direct relief and the maintenance of a hospital * * *."

The above black face is ours.

The last paragraph of the above §2 reads as follows:

"Under the provisions of this act, it shall be permissible for a county, city or township, to give relief needed to unemployed who can not be termed 'indigent' under §3476 GC."

Counsel for both claimant and defendant cite and refer to the opinion of the Attorney General, under date of July 28, 1932. This opinion is No. 4526 and will be found published in the Opinions of the Attorney General of 1932, Volume 2, at pages 895 to 901, inclusive. This is a very able and comprehensive opinion touching the status of relief workers. The opinion was in answer to communication addressed to the office of the Attorney General. Five different situations were covered. Under 1, 2 and 3 it was the opinion of the Attorney General that the claimant would not be an employee as to entitle him to participate in the Workmen's Compensation Fund.

Under classifications Numbers 4 and 5, the injured claimant would be entitled to participate.

While the Attorney General does not make specific references to Amended Senate Bill No. 4, yet under his fifth classification he evidently had this law in mind. At least, the facts are analagous to facts in the instant case. We find ourselves in accord with this very able opinion of the Attorney General.

It is our conclusion under the facts stated, that the claimant was an employee and entitled to participate in the fund.

We find no error in the judgment of the Common Pleas Court. The petition in error will be dismissed at costs of plaintiff in error. The cause is remanded for proper proceedings. Exceptions will be allowed.

HORNBECK, PJ, concurs.